IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal Action No. 3:06CR106–HEH |
| | ) | |
| HENRY PAUL RICHARDSON, | ) | |
| | ) | |
| Petitioner. | ) | |

**MEMORANDUM OPINION**
(Dismissing Successive 28 U.S.C. § 2255 Motion)

By Memorandum Opinion and Order entered on July 26, 2012, the Court denied a 28 U.S.C. § 2255 Motion filed by Petitioner (ECF Nos. 186, 187). Since that date, Petitioner has filed a variety of motions attempting to challenge his conviction. On September 26, 2016, the Court received another motion entitled "Petitioner's Petition for Writ of Habeas Corpus Relief, Petition for Writ of Actual Innocence Pursuant to Title 27 U.S.C. 2241, and 2255(e)" ("Successive § 2255 Motion," ECF No. 207 (capitalization corrected)) from Petitioner. On October 12, 2016, the Court received from Petitioner a Motion to Amend. (ECF No. 208.)

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move

in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The Fourth Circuit has instructed that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). This Court lacks jurisdiction to entertain a second 28 U.S.C. § 2255 motion from Petitioner absent authorization from the United States Court of Appeals for the Fourth Circuit. *See* 28 U.S.C. § 2244(b)(3)(A). Petitioner cannot avoid that result by styling his present motion as a § 2241 petition. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004); *Winestock*, 340 F.3d at 207. "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit . . . or an application for a Get-Out-of-Jail-Card; the name makes no difference. It is substance that controls." *Melton*, 359 F.3d at 857 (citing *Thurman v. Gramley*, 97 F.3d 185, 186-87 (7th Cir. 1996)). In other words, a "'motion is a second or successive [habeas] petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.'" *United States v. McCalister*, 453 F. App'x. 776, 778 (10th Cir. 2011) (alteration in original) (quoting *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006)).

Petitioner's current motion claiming that he is actually and factually innocent of his conviction falls squarely within the ambit of 28 U.S.C. § 2255(a). The Court has not received permission from the United States Court of Appeals for the Fourth Circuit to entertain Petitioner's Successive § 2255 Motion. Indeed, according to Petitioner, the

2

Fourth Circuit denied his request to file a successive § 2255 motion.[1] (§ 2255 Mot. 5.) Because the Court has not received authorization from the Fourth Circuit to file the Successive § 2255 Motion, the action will be dismissed for want of jurisdiction. A certificate of appealability will be denied.

In the United States District Court for the Eastern District of Virginia, all *pro se* petitions for writs of habeas corpora must be filed on a set of standardized forms. *See* E.D. Va. Loc. Civ. R. 83.4(A). To the extent that Petitioner desires to file a petition under § 2241, the Court will entertain such a petition from Petitioner upon its receipt of the completed standardized form.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Nov 18, 2016
Richmond, Virginia

---

[1] Despite Petitioner's insistence, Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or because the petitioner is unable to meet the gatekeeping requirements for filing a second or successive § 2255 motion. *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000).