IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:06CR106–HEH
)
HENRY PAUL RICHARDSON, )
)
    Petitioner. )

## MEMORANDUM OPINION
(Denying Rule 60(b) Motion)

By Memorandum Opinion and Order entered on July 26, 2012, the Court denied a 28 U.S.C. § 2255 Motion filed by Petitioner (ECF Nos. 186, 187). Since that date, Petitioner has inundated the Court with frivolous filings. On January 16, 2018, the Court received a Motion to Vacate Judgment Pursuant to Fed. R. Civ. Proc. § 60(b)(6), and Motion to Reopen 28 U.S.C. § 2255 Proceedings. ("Rule 60(b) Motion," ECF No. 236.)[1] On March 12, 2018, the Court received a Motion for Leave to File an Amended Motion to Vacate Judgment with the attached amended motion under Rule 60(b). ("Motion for Leave to File," ECF No. 239.) On April 11, 2018, Petitioner also filed a Motion to

---

[1] Federal Rule of Civil Procedure 60(b) provides, in pertinent part:

    **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
        . . . .
        (4) the judgment is void;
        . . .
        (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(4) & (6).

Consolidate the Rule 60(b) Motion with the amended motion. ("Motion to Consolidate," ECF No. 242.) As a preliminary matter, the Motion to Consolidate (ECF No. 242) will be denied because, as discussed below, the Motion for Leave to File will be denied as futile.

In his Rule 60(b) Motion, Petitioner argues that under Rule 60(b)(6) the Court should re-open and reconsider its prior denial of his § 2255 Motion due to alleged errors of habeas counsel. A party seeking relief under Federal Rule of Civil Procedure 60(b) must make a threshold showing of "timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (quoting *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)). After a party satisfies this threshold showing, "he [or she] then must satisfy one of the six specific sections of Rule 60(b)." *Id.* (citing *Werner*, 731 F.2d at 207).

Under Federal Rule of Civil Procedure 60(c)(1), Petitioner was required to file his motion within a reasonable time after the entry of the July 26, 2012 Memorandum Opinion and Order. Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time–and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). Petitioner's Rule 60(b) Motion, filed more than fifteen years after the entry of the challenged judgment, was not filed in a reasonable time. *See McLawhorn v. John W. Daniel & Co., Inc.*, 924 F.2d 535, 538 (4th Cir. 1991) ("We have held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no

2

valid reason is given for the delay." (citing *Cent. Operating Co. v. Utility Workers of Am.*, 491 F.2d 245 (4th Cir. 1974); *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249 (4th Cir. 1967))). Moreover, Rule 60(b) is an extraordinary remedy requiring a showing of exceptional circumstances. *Mayfield v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) (citing *Ackermann v. United States*, 340 U.S. 193, 202 (1950)).

Petitioner fails to offer any persuasive argument as to why this Court should find that his Rule 60(b) Motion was filed within a reasonable time. *Cf. Fortune v. Clarke*, 712 F. App'x 296, 297 (4th Cir. 2018) (explaining that determination of timeliness of a Rule 60(b) motion is discretionary not jurisdictional). Moreover, "[a] motion under [Rule] 60(b)(6) may not be granted absent 'extraordinary circumstances.'" *MLC Auto., LLC v. Town of Southern Pines*, 532 F.3d 269, 277 n.5 (4th Cir. 2008) (quoting *Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004)). Petitioner fails to demonstrate that extraordinary circumstances warrant review of the Court's dismissal of his § 2255 Motion or that he has a meritorious claim. Accordingly, the Rule 60(b) Motion (ECF No. 236) will be denied.

The amended motion under Rule 60(b) attached to the Motion for Leave to File is also untimely and allowing any amendment would be futile. Accordingly, the Motion for Leave to File (ECF No. 239) will be denied. A certificate of appealability will be denied.

An appropriate Order will accompany this Memorandum Opinion.

3

Date: May 31, 2015
Richmond, Virginia

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE