IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:06CR106–HEH
)
HENRY PAUL RICHARDSON, )
)
Petitioner. )

## MEMORANDUM OPINION
(Denying Rule 59(e) Motion)

By Memorandum Opinion and Order entered on July 26, 2012, the Court denied a 28 U.S.C. § 2255 Motion filed by Petitioner (ECF Nos. 186, 187). Since that date, Petitioner has inundated the Court with a variety of frivolous and vexatious motions attempting to challenge his conviction. Currently before the Court is Petitioner's Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59, in Light of Intervening Change in Law in *Buck v. Davis*, 137 S. Ct. 759 Decided on February 22, 2017 ("Rule 59(e) Motion," ECF No. 256).[1] Petitioner claims to seek relief from the Memorandum Opinion and Order entered on May 31, 2019, where the Court denied him relief pursuant to Federal Rule of Civil Procedure 60(b)(6).[2]

---

[1] The Court corrects the spacing, punctuation, and capitalization and removes emphasis and extra quotation marks in quotations from Petitioner's submission.

[2] Petitioner indicates that he placed his Rule 59(e) Motion in the prison mailing system on June 21, 2019, and the Court deems that date the filed date. *Houston v. Lack*, 487 U.S. 266, 276 (1988). Therefore, Petitioner filed his Rule 59(e) Motion within twenty-eight days of the May 31, 2019 Memorandum Opinion and Order. *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277 (4th Cir. 2008) (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978)).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Petitioner apparently argues that Rule 59(e) relief should be granted to correct a clear error of law or to prevent manifest injustice.[3] Petitioner, however, fails to demonstrate that the Court committed any error of law. *See Pac. Ins. Co.*, 148 F.3d at 403 ("[A] 'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1, at 127–28 (2d ed. 1995))). In the May 31, 2019 Memorandum Opinion, the Court determined that Petitioner's Rule 60(b) Motion, filed more than

---

[3] Petitioner indicates that the Court erred because it refused to "re-open the Judgment entered by this Court on July 26, 2012 . . . in light of the change in the law, where ineffective of habeas counsel . . . constitutes extraordinary circumstances that justify relief under Fed. R. Civ. P. 60(b)(6)." (ECF No. 256 at 2.) Petitioner contends that the Court should have reopened the order denying his § 2255 motion based upon *Buck v. Davis*, 137 S. Ct. 759 (2017). (*Id.* at 4–10.) Petitioner's Rule 60(b) Motion was untimely, and he demonstrated no extraordinary circumstances. Therefore, the Court did not review the merits of any argument.

2

fifteen years after the entry of the challenged judgment, was not filed in a reasonable time, and that he failed to show exceptional circumstances. (ECF No. 254 at 3–4.)

Petitioner offers no reason why that conclusion was a clear error of law, much less that the Court must vacate its May 31, 2019 Memorandum Opinion and Order to prevent manifest injustice. Accordingly, the Rule 59(e) Motion (ECF No. 256) will be denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
SENIOR UNITED STATES DISTRICT JUDGE

Date: June 29, 2021
Richmond, Virginia

3